NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD KEEFE, | |
| Plaintiff, | Civ. No. 18-14512 (AET-TJB) |
| v. | |
| SHARON KEEFE, et al, | OPINION |
| Defendants. | |

## THOMPSON, U.S.D.J.

This matter comes before the Court on Ronald Keefe's civil rights complaint brought pursuant to 42 U.S.C. § 1983. (ECF No. 1). This Court must now review the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.

District courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter"

to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). However, pro se litigants "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Plaintiff submits to the Court claims that were previously dismissed by the Honorable Garrett E. Brown, Jr., D.N.J., on June 17, 1992. *See Keefe v. Keefe*, No. 91-4734 (D.N.J. June 17, 1992). The claims in the complaint date back to January 1989 when Plaintiff was arrested for violating the terms of a domestic violence restraining order. (ECF No. 1 ¶¶ 3-4). He alleges the Union Beach Police Department assaulted him during the wrongful arrest. (*Id.*). He was put in jail, arraigned, and eventually went to trial on charges of violating the order and resisting arrest. (*Id.* ¶ 5). While Plaintiff was in jail, he filed a federal civil rights complaint asserting that his civil rights were violated by the state interfering with his parental rights. (*Keefe v. Keefe*, No. 89-216 (D.N.J. closed May 9, 1990)). Plaintiff alleges the complaint was dismissed for lack of prosecution because the summonses were delivered to his home while he was in jail. (ECF No. 1 ¶ 6). Plaintiff further alleges the Union Beach Police used excessive force while arresting him and did not have a warrant. (*Id.* ¶¶ 11-12). In addition, he alleges he was assaulted when he arrived at the police station. (*Id.* ¶ 13).

Plaintiff's claims have already been adjudicated in court, *Keefe*, No. 91-4734, and, alternatively, are barred by the two-year statute of limitations for filing complaints under § 1983.[1] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (New Jersey's two-year limitations period for personal injury applies to claims under § 1983). As these are non-curable defects, the complaint is dismissed with prejudice.

An appropriate order follows.

DATED: 1/15, 2019

ANNE E. THOMPSON
United States District Judge

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

3